NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

_____

No. 13-4462
_____

ANITA HOLLEY,

Appellant

v.

COMMISSIONER SOCIAL SECURITY
_____

On Appeal from the United States District Court
for the District of New Jersey

(D.C. No. 2-12-cv-05357)
District Judge:  Honorable Stanley R. Chesler

ARGUED MAY 20, 2014

BEFORE:  McKEE, *Chief Judge*, CHAGARES, and NYGAARD, *Circuit Judges*

(Filed: October 21, 2014)

Jon C. Dubin, Esq. [Argued]
Rutgers University Urban Legal Clinic
123 Washington Street
Newark, NJ 07102
        *Counsel for Appellant*

Emily M. Fishman, Esq. [Argued]
Susan J. Reiss, Esq.

Robert R. Schriver, Esq.
Social Security Administration
Office of General Counsel - Region II
Room 3904
26 Federal Plaza
New York, NY 10278
    *Counsel for Appellee*

_____

OPINION*
_____

* This disposition is not an opinion of the full court and pursuant to I.O.P. 5.7 does not constitute binding precedent.

NYGAARD, *Circuit Judge.*

Anita Holley appeals the denial of her claim for disability benefits. She argues that the District Court ignored our precedent and wrongly upheld the ALJ's decision. We will affirm.

This opinion does not have any precedential value. Therefore, our discussion of the case is limited to covering only what is necessary to explain our decision to the parties.

Holley challenges the denial of her claim, arguing that the ALJ did not properly consider all of her impairments. According to Holley, the ALJ's residual functional capacity ruling—that she is able to perform sedentary, unskilled labor requiring no more than thirty days of training—was a mistake because: it did not properly consider the ALJ's own finding that Holley had moderate difficulties in maintaining concentration, persistence or pace; and, it was based on a flawed finding that she could sit for six hours. She maintains that the District Court missed these errors, in part, because it failed to

apply the requirements of *Ramirez v. Barnhart,* 372 F.3d 546 (3d Cir. 2004). We will consider each of these issues separately.

Holley has a problem with the way that the ALJ handled his finding of moderate difficulties in the areas of concentration, persistence and pace. She says the hypothetical that the ALJ gave to the vocational expert was lacking because it described her as limited to work that is composed of tasks that can be learned in thirty days or less. She is convinced that the ALJ was required to specifically tell the vocational expert, in the context of the hypothetical, that she had moderate difficulties in concentration, persistence and pace. We disagree.

While Holley focused upon the ALJ's broad finding of moderate difficulties at step two of the sequential evaluation, we give more attention to the substance of his overall review. We want to know how well the ALJ studied the record, and how thoroughly he understood Holley's specific impairments (or lack thereof) before making his decisions about her residual functional capacity, and ultimately, her disability claim. After reviewing everything, we conclude that the ALJ had a sound knowledge of the record. His analysis of the evidence easily met our standards and expectations.

The ALJ noted that there was an unsupported comment by a treating physician (who was not a mental health professional) suggesting that she had an anxiety-related disability. Additionally, the ALJ knew that Holley had a non-specific diagnosis of mood disorder and personality disorder. But, he also was aware that Holley did not ask for or receive any psychiatric treatment and had not taken any psychotropic medications; and he noticed that—according to her own reports—she was able to complete activities of daily

3

living independently without any limitations from any mental condition. The ALJ pointed to an examining physician's statement that Holley only had a mild difficulty with delayed recall. Otherwise, she completed structured tasks of short duration, she sustained concentration, and she remained alert, oriented and compliant throughout the examination. This examining physician determined that Holley had no mental limitations, or only mild limitations, in her ability to do work-related activities. From this record, the ALJ discounted the unsupported comment of the treating physician and relied on the opinion of the examining physician. He appropriately judged that Holley's clinical record showed that she had—at most—minor mental impairments.

In light of this, Holley's insistence that the ALJ's hypothetical should have included a specific statement about impairments on concentration, persistence and pace is not persuasive. The evidence Holley produced on mental impairments was generally very thin, particularly on disabling limits in persistence or pace. Therefore, she gives us no compelling reason why these should have been spelled out in detail in the hypothetical. On this record, the ALJ's residual functional capacity finding was accurate, comprehensive and supported by substantial evidence, and we are convinced that he gave the vocational expert enough information to provide a sound opinion about the types and numbers of jobs that were available. The District Court did not make any mistakes in its review of the ALJ's handling of the evidence on mental impairments.

Similarly, we rule that substantial evidence supports the ALJ's finding that Holley has the residual functional physical capacity to sit for up to six hours and perform sedentary work. The ALJ noted that the physicians who commented on this topic had a

4

similar opinion of Holley's physical limitations.  These were the basis for his decision that Holley could do sedentary work.  We are not persuaded by any of Holley's attempts to undermine this reasonable conclusion.  The ALJ did not misinterpret or ignore the reports of any physician, nor did he put words in their mouths.  He did incorporate some observations about Holley's conduct during administrative proceedings into his deliberation, but this is not a problem because he did not use them as the only basis for his decision.  Likewise, as the District Court concluded, the ALJ properly considered Holley's full medical condition, including her weight, and he reasonably accounted for her prescribed medications.  Finally, the District Court was right:  the ALJ complied with the regulations and did a fine job explaining his credibility determinations on Holley's statements about the severity of her impairments, and these findings are entitled to our deference.  The ALJ pointed out inconsistencies with Holley's words and conduct, as well as contradictions between her reports and the record.  In the end, none of these arguments undermined the ALJ's ruling about Holley's ability to do sedentary work.

For all of these reasons, we conclude that substantial evidence supports the ALJ's decision to decline Holley's claim for disability benefits, and we will affirm the order of the District Court.